UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY MOORE,

    Plaintiff,

v.                                                Case No. 8:18-cv-2423-T-CPT

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.
_____/

**O R D E R**

The Plaintiff seeks judicial review of the Commissioner's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in 1987, is high school educated, and has past relevant work experience as a fast food worker. (R. 22, 38, 49, 247, 254). In January 2015, she applied for DIB and SSI, claiming disability as of November 13, 2013, due to several alleged impairments, including diabetes, migraines, back problems, two bulging disks,

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this suit.

degenerative disc disease, and arthritis in her back and neck. (R. 83-84, 94-95, 105-06, 245-59). The Social Security Administration (SSA) denied her applications both initially and on reconsideration. (R. 139-56).

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter on November 21, 2016. (R. 44-79). The Plaintiff was represented at that hearing and testified on her own behalf. (R. 46-74). A vocational expert (VE) also testified. (R. 74-78).

The ALJ subsequently convened a supplemental hearing on July 26, 2017 (R. 32-43), primarily to take additional VE testimony (R. 34). The Plaintiff was again represented at that hearing and testified on her own behalf, as did a different VE. (R. 34-42).

In a decision dated October 2, 2017, the ALJ found that the Plaintiff: (1) met the insured status requirements through December 31, 2017, and had not engaged in substantial gainful activity since her alleged onset date of November 13, 2013; (2) had the severe impairments of migraine headaches, cervical degenerative disc disease, and lumbar degenerative disc disease/degenerative joint disease; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listed impairments; (4) had the residual functional capacity (RFC) to perform a limited range of sedentary work, with some functional, postural, and environmental restrictions; and (5) was unable to perform her past relevant work but, based on the VE's testimony, was capable of making a successful adjustment to

other work that exists in significant numbers in the national economy. (R. 12-24). In light of these findings, the ALJ concluded that the Plaintiff was not disabled. (R. 23).

The Appeals Council denied the Plaintiff's request for review. (R. 1-6). Accordingly, the ALJ's decision became the final decision of the Commissioner.

II.

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a).[2] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To determine whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (citing 20 C.F.R. § 404.1520(a)(4)); *see also* 20 C.F.R. § 416.920(a)(4).[3] Under this process, an ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment

---

[2] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

[3] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

3

specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id*. (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). While the claimant has the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove that she cannot perform the work identified by the Commissioner. *Id*. In the end, "the overall burden of demonstrating the existence of a disability . . . rests with the claimant." *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided that the Commissioner has issued a final decision on the matter after a hearing. 42 U.S.C. § 405(g). Judicial review is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations and quotations omitted). In evaluating whether substantial evidence supports the Commissioner's decision, the Court "may

4

not decide the facts anew, make credibility determinations, or re-weigh the evidence." *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). "[W]hile the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to [his] legal conclusions." *Keel-Desensi v. Berryhill*, 2019 WL 1417326, at *2 (M.D. Fla. Mar. 29, 2019) (citations omitted).

III.

The Plaintiff's sole contention on appeal is that the ALJ's decision is not supported by substantial evidence because the ALJ erred in relying on the VE's testimony regarding the number of jobs available to her. (Doc. 22 at 5-9). After careful review of the record and the governing authority, the Court finds this contention to be without merit.

As noted above, at step five of the sequential evaluation process, the burden of proof temporarily shifts to the Commissioner "to show that 'there is other work available in significant numbers in the national economy that the claimant is able to perform'" despite her impairments. *Sampson*, 694 F. App'x at 734 (quoting *Jones*, 190 F.3d at 1228); *see also* 20 C.F.R. §§ 404.1560(c), 416.960(c) ("[T]o support a finding that you are not disabled at this fifth step of the sequential evaluation process, we are responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do . . . ").

To carry this burden, the Commissioner may "take administrative notice of reliable job information available from various governmental and other publications,"

including the Dictionary of Occupational Titles (DOT)[4] and other sources set forth in the Regulations. 20 C.F.R. §§ 404.1566(d), 416.966(d). The Regulations also permit the Commissioner to predicate his decision at step five on information supplied by a VE. *Id.* at §§ 404.1566(e), 416.966(e); *Phillips*, 357 F.3d at 1240. "A [VE] is an expert on the kinds of jobs an individual can perform based on . . . her capacity and impairments." *Phillips*, 357 F.3d at 1240.

"When the ALJ uses a [VE], the ALJ will pose hypothetical question(s) to the [VE] to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Id.* In rendering this opinion, "a VE may rely on his knowledge and expertise without producing detailed reports or statistics in support of his testimony." *Griffin v. Comm'r of Soc. Sec.*, 2018 WL 3352929, at *10 (M.D. Fla. June 20, 2018) (citing *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 926 (11th Cir. 2010); *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012)), *report and recommendation adopted*, 2018 WL 3344535 (M.D. Fla. July 9, 2018). An ALJ may, in turn, base his step-five determination solely on the VE's testimony. *Webster v. Comm'r of Soc. Sec.*, 773 F. App'x 553, 555 (11th Cir. 2019) (per curiam) (citation omitted).

Here, the VE testified at the supplemental hearing that an individual with the Plaintiff's age, education, experience, and RFC could perform the job of surveillance

---

[4] "The DOT is an extensive compendium of data about the various jobs that exist in the United States economy, and includes information about the nature of each type of job and what skills or abilities they require." *Washington*, 906 F.3d at 1357 n.2.

system monitor,[5] and that there were approximately 27,000 such positions in the national economy. (R. 37-42). The VE also testified that his testimony was consistent with the DOT, with a few exceptions not relevant here. (R. 40-42).

The Plaintiff now argues that the VE's job numbers conflict with those found in the Occupational Employment Statistics (OES) published by the Bureau of Labor Statistics (BLS), and that the ALJ had an independent obligation to resolve this conflict. This argument fails.

To begin, the Plaintiff did not object to the VE's qualifications at the hearing. Nor did she request any supporting data for the VE's conclusion or challenge the reliability of his jobs number. *See Biestek*, 139 S. Ct. at 1155 (stating when no demand is made "a [VE's] testimony may count as substantial evidence even when unaccompanied by supporting data"); *Webster*, 773 F. App'x at 555 (rejecting plaintiff's contention that VE's testimony was unreliable based on Standard Occupational Classification code job numbers reported by the BLS, and highlighting plaintiff's failure to challenge VE's qualifications or question VE on reliability of job numbers); *Grome v. Comm'r of Soc. Sec. Admin.*, 2019 WL 4594597, at *4 (M.D. Fla. Sept. 23, 2019) (rejecting plaintiff's argument that ALJ improperly relied on VE's testimony "that there was a significant number of jobs in the national economy that [p]laintiff could have performed" where, "at the administrative hearing, [p]laintiff's attorney stipulated to the VE's qualifications and did not question the job numbers cited by the

---

[5] The position of surveillance system monitor is found at DOT #379.367-010, 1991 WL 673244.

VE, the methodology used to arrive at those numbers, and/or the consistency of the VE's testimony with the information provided by any other source, including the OES").

Moreover, the Eleventh Circuit recently held in *Webster* that an ALJ does not have an independent obligation to verify the VE's testimony where there is a conflict "between the number of available jobs the VE reported and the number of available jobs shown in the figures provided by the [BLS] through its publication of the [OES]." 773 F. App'x at 556. As the Court explained:

> [T]o the extent that [the plaintiff] argues that the ALJ was required to independently verify a VE's testimony, we have held that the ALJ is only required to do so when there is a conflict between the VE's testimony and the DOT. . . . Unlike the situation in which the VE's testimony conflicts with the DOT, this Court has not placed an affirmative duty on the ALJ to independently investigate a conflict between the VE's testimony and job availability figures provided by the [BLS] in the OES. Furthermore, the figures in the OES are not part of the SSA's regulatory scheme.

*Id*. at 555-56 (internal citation omitted); *see also Grome*, 2019 WL 4594597, at *4 ("[T]o the extent [p]laintiff argues that the ALJ was required to independently verify the VE's testimony, in the Eleventh Circuit, 'the ALJ is only required to do so when there is a conflict between the VE's testimony and the DOT.'") (quoting *Webster*, 777 F. App'x at 555).

Based upon all of the above, the Court concludes that substantial evidence supports the ALJ's step-five finding, made in reliance on the job numbers supplied by the VE, and that remand to the Commissioner is unwarranted.

IV.

For the foregoing reasons, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk is directed to enter Judgment in the Defendant's favor and to close the case.

DONE and ORDERED in Tampa, Florida, this 19th day of February 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record